CLAUDIO, PLAINTIFF AND APPELLEE, *v.* PALACIOS ET AL., DEFENDANTS (MUÑIZ, APPELLANT).

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2365.—Decided July 22, 1921.

ATTORNEY AND CLIENT—PRESUMPTION.—The appearance of a duly licensed attorney is presumptive evidence of his authority to represent the person in whose name he appears and it is incumbent upon a party attacking his authority to show that he was not so authorized.

The facts are stated in the opinion.

*Mr. L. Méndez Vaz* for the appellant.
*Mr. A. Dones* for the defendants.
*Mr. M. Tous Soto* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Juana Muñiz moved to vacate a final judgment, steps taken in execution thereof, and all proceedings had in a case from and after an order for the substitution of parties defendant.

In this motion it is said:

"1. That in this case and by virtue of the court's order defend-

ant José Palacios Rucabado was substituted by his children María, José, Manuel, Rafael, Víctor and América Palacios Trade, and his widow, Juana Muñiz.

"2. That according to section 43 of the Code of Civil Procedure, as amended by the Act of March 8, 1906, it was necessary to summon the mover as one of the heirs of José Palacios Rucabado to the effect that she might appear and defend the suit, and the summons should have been made in the manner required by law for ordinary summons.

"3. That up to this date no summons has been served on the mover and the same conclusion may be reached by a mere examination of the records of the case wherein there is nothing showing that fact.

"4. That the mover is a resident of New York since the month of July, 1920, and did not have any knowledge of the pendency of this suit until recently when she was informed by a notice published by her attorney in fact in the newspaper called '*El Imparcial*' where the sale of a house belonging exclusively to the mover is announced by the marshal of this court.

"5. That neither personally nor by a third person has the mover ever engaged any attorney to represent her in this case.

"6. That according to reliable information attorney Adolfo Dones, upon appearing in this suit after the substitution of the parties, did it in representation of the six children of Rucabado, but not in the name of the mover.

"7. That Pedro Elzaburu, who is her only attorney in fact in Purto Rico, has not engaged any attorney in this Island to represent and defend the mover. The affidavit of Elzaburu is exhibited as part of this motion.

"8. That the substitution of parties defendant in this suit was made before any answer to the complaint was filed and therefore prior to the trial, the mover not having had, therefore, any chance to file her answer or offer her proofs on the day of the trial.

"9. That the liability sought to be enforced arises from the violation of an alleged contract wherein the mover did not take part.

"10. That the attachment prayed for by the plaintiff to secure the effectiveness of the judgment and levied on a house of the exclusive ownership of the mover, Juana Muñiz, the sale of which is set for October 5, 1920, was not served on the mover according to law nor on her attorney in fact, Pedro Elzaburu."

. The pleading is subscribed and sworn to by the attorney of his own knowledge as to paragraphs 1, 2, 8 and 9, and upon information believed to be true as to the rest.

The affidavits of Dones and Elzaburu are as follows:

"I, Adolfo Dones Padró, under oath state that I am of age, an attorney-at-law, married and resident of this city; that I was the attorney of José Palacios Rucabado in this case until the time of his death on September 8, 1919; that subsequent to his death his children María, José, Manuel, Rafael, Víctor and América Palacios Trade authorized me to represent them and in their names I appeared as attorney in the above-mentioned suit; that the widow, Juana Muñiz, whom I know, knew that the affiant was the attorney for her husband in this litigation; that after the death of José Palacios Rucabado the affiant and Juana Muñiz have not spoken about this matter, but the affiant has always consulted with Víctor M. Palacios, the attorney in fact of his brothers. That the foregoing is the truth, the whole truth and nothing but the truth. (Sgd.) A. Dones."

"I, Pedro de Elzaburu y Vizcarrondo, under oath state that I am of age, married, an employee, property owner and resident of San Juan; that I am the person in charge in Porto Rico of the property belonging to Juana Muñiz, widow of Palacios, having been such attorney in fact since she has been a resident of New York; that she left this Island for New York in the month of July, 1920, and has not returned to Porto Rico since; that the affiant, as such attorney in fact, has not engaged any attorney prior to this date to represent her in any suits, the affiant not having represented her, according to his best information and belief; that the affiant did not even know of the existence of the suit in question, not having seen in the local newspapers any notice to his principal, nor any summons by publication; that recently the affiant saw in the newspaper called '*El Imparcial*,' published in this city, the attached notice of the auction sale of a house belonging to his principal to take place on the fifth of next month, and the affiant became informed of the proceedings in the case by the said notice; that his principal on no occasion, nor in any of her letters, has said anything to him in regard to the said suit, of whose existence he has not had nor has he now any knowledge, notwithstanding the fact that she made reference to matters of less importance; that the debt herein claimed was not incurred by his principal, but arises from a certain contract entered into by her hus-

band whose liability is now sought to be enforced; that his principal, as widow of Palacios Rucabado, only demanded her usufructuary portion, which was delivered to her in cash, thus receiving  *  *  * ; that the house, whose sale has been announced as aforesaid, is of her exclusive ownership and was bought after the death of her husband; that he, as attorney in fact, has not received any notice of an attachment levied on the said house, nor has he seen such notice published in any of the local newspapers; that on the date shown by the certificate of the marshal of this court that he gave notice in writing of the attachment to Juana Muñiz that was levied on the house No. 69 of San Juan Moderno, she did not reside in Porto Rico; that the foregoing is the truth, the whole truth and nothing but the truth. (Sd.) Pedro de Elzaburu.''

A counter affidavit reads as follows:

''I, Avelino Flores, being duly sworn according to law depose and say: That I am thirty-five years of age, unmarried, a tailor and resident of San Juan for more than two years.  That I know attorney Victoriano M. Fernández, with whom I made an arrangement about the year 1918 to 1920 to carry into execution whatever notices were to be made in the law office he had in partnership with Manuel Tous Soto; that I know Juana Muñiz, widow of Palacios, and I was designated to make service of the summons on her and the children of José Palacios, which I did about the end of November or the first of December, 1919, the service having been made on her in San Juan Moderno of Santurce on the same date I made the service on the other defendants with copies of the complaint and the summons, whereupon she became irritated and asked me why such papers were sent to her in spite of the fact that she had engaged an attorney to represent her, of which fact Fernández was aware.  (Sd.) Avelino Flores.''

On overruling the motion the court below said:

''In view of the motion presented by Juana Muñiz, widow of Palacios, and after examining the record, it appears that attorney Dones appeared in behalf of the mover in all the proceedings.

''It should be noted that this suit was first instituted against José Palacios Rucabado, who, as appears from the record, is represented by attorney Dones, the latter having filed a demurrer to the complaint on June 26, 1919.  On the 21st of October of the said year

the plaintiff filed a motion to the effect that the defendant be substituted by the heirs and the widow of the defendant, notice of the said motion having been previously given to attorney Dones.

"On November 14th the plaintiff filed an amended complaint against the heirs and the widow, to which the defendant heirs interposed a demurrer which was overruled by the court, ten days being granted to the defendants to file an answer.

"Subsequently, or on January 8, 1920, the parties appeared and made a stipulation to the effect that the defendants be granted ten days within which to file their answer and the stipulation is signed by Dones as attorney for the defendants. On February 11 attorney Dones answered the complaint in the name of the defendants.

"The 15th of June being the day set for the trial, attorney Dones appeared in the names of the defendants, and on June 21st he also filed a brief in behalf of the defendants.

"In none of his appearances did Dones make any remark to the effect that he only represented the heirs.

"At the trial, and after the court had asked the customary question, 'Are the defendants ready for the trial?' Dones answered in the affirmative and nothing was then said to show that he only represented the heirs."

Appellant insists that—

"The following errors were committed by the court below in its order of October 5, 1920, overruling the motion of the defendant-appellant, Juana Muñiz, widow of Palacios:

"First: Violation of Act No. 94 approved by the Legislative Assembly of Porto Rico and promulgated March 31, 1919, by virtue of the judgment of the Supreme Court of Porto Rico of March 11, 1919.

"Second: Violation of Section 43 of the Code of Civil Procedure, as amended by the act approved by the Legislative Assembly of Porto Rico on March 8, 1906.

"The preceding two violations are based on the following legal grounds, to wit: Upon the motion of the plaintiff requesting the substitution of parties defendant as well as upon the writing of the plaintiff himself requiring the clerk of the court to record that motion in the special docket for hearing, and that the order of the court sustaining the motion of the plaintiff for substitution of parties defendant was not notified to the defendant-appellant Juana Muñiz,

widow of Palacios, on time or according to law, for although it appears that attorney Adolfo Dones Padró was fully notified as attorney for defendant José Palacios Rucabado, deceased, such representation terminated on September 8, 1919, when the death of said José Palacios occurred (Section 1836 of the Civil Code and case of *Julián et al. v. McCormick et al.*, 25 P. R. R. 173); and inasmuch as the said attorney, neither on the date of the said notices nor subsequently, has represented defendant Juana Muñiz in this suit, we have to conclude that the violations referred to were committed by the trial court.

"Third: Violation of Section 98 of the Code of Civil Procedure:

"The alleged violation is based on the following legal ground: On November 18, 1919, the plaintiff amended his complaint, which was not served on defendant Juana Muñiz, widow of Palacios, neither personally nor by publication; and although it appears from the record that attorney Adolfo Dones appeared in representation of the defendant heirs on January 7, 1920, and demurred to the amended complaint, his demurrer having been overruled by the court, the said attorney answered the amended complaint without ever having specified in any of said appearances in the names of the defendants in whose behalf and representation he appeared; and whereas defendant Juana Muñiz, widow of Palacios, never authorized said attorney Dones Padró to represent her in this suit, none of the omissions incurred by said attorney should or could prejudice the right or interest of defendant Juana Muñiz, widow of Palacios. * * *

"Fourth: The trial court committed error in its judgment of August 11, 1920, in so far as it adjudged defendant Juana Muñiz, widow of Palacios, together with the other defendants, to pay the plaintiff the sum of $2,500; inasmuch as defendant Juana Muñiz, widow of Palacios, had not been summoned or served with a copy of the amended complaint, nor authorized attorney Dones to represent her, nor voluntarily made any appearance, the court has not acquired jurisdiction over the said defendant and therefore did not have any jurisdiction to render judgment against her.

"Fifth: Violation of Section 1226 of the Revised Civil Code which reads:

" 'Section 1226.—No one can contract in the name of another without being authorized by him or without having his legal representation according to law.

" 'A contract executed in the name of another by one who has neither his authorization nor legal representation shall be void, un-

less it should be ratified by the person in whose name it was executed before being revoked by the other contracting party.'

"And the trial court in its order of October 5, 1920, says: 'In none of his appearances did Dones make any exception to the effect that he only represented the heirs.' At the trial and upon the court making the usual question, 'Are the defendants ready for the trial?' Dones answered in the affirmative, without making any remark that he only represented the heirs.''

That Dones did not appear on behalf of the children alone as stated by him in his affidavit, but as attorney for the defendants without anything whatever to indicate an intention of excluding the widow, is conclusively shown by the record. He says that the widow, whom he knows, was aware that he was the attorney for her husband herein. He carefully avoids saying that she did not authorize him to represent her after the death of her husband, or that he did not in fact represent her. The naive statement that he had no conversation with her after the death of Palacios, and indeed the whole of this remarkable combination of words, is more significant by reason of what it leaves to the imagination than on account of anything stated therein as a fact.

A curious circumstance worthy of consideration in this connection is that when the case was called for trial defendants moved orally for a continuance. The grounds of the motion do not appear, but the same was overruled, and it is inconceivable that the court would have proceeded to trial and judgment against the widow in the face of a serious suggestion that the attorney for the defence did not represent her and that in fact she had never been made a party to the suit. If counsel did not intend in his pleading to assume any responsibility as attorney for the widow, or if he was not authorized to represent her, he lost here a golden opportunity to secure the desired continuance by a disclosure of these facts.

As to the affidavit of Elzaburu, it will suffice to say that,

as shown by the sworn statement of Avelino Flores, which has not been directly contradicted, the summons, together with a copy of the complaint, was served on the widow in November, 1919, and the answer by Dones as attorney for defendants was filed on February 11, 1920, some months before the departure of Juana Muñiz and the date upon which affiant assumed charge of her interests. The failure to file an affidavit of service of the amended complaint prior to the date of the motion first above mentioned is explained satisfactorily by the appearance, demurrer and answer of defendants.

"It is well established in the courts of this country, both Federal and State, that the appearance of a regularly admitted attorney at law is presumptive evidence of his authority to represent the person for whom he appears, and it devolves upon the party impeaching the authority to show that it is invalid." 2 R. C. L. page 980, section 58.

See also 6 C. J., page 631, section 128.

Another presumption which, if necessary, might or might not be invoked as lending additional strength to the foregoing is "that a person takes ordinary care of his own concerns." Section 102, subdivision 4, of "An Act to regulate the introduction of evidence in civil proceedings," approved March 9, 1905.

The widow herself is silent. Her attorney speaks of his own knowledge only as to matters of law, of legal opinion, or of record, which do not constitute in themselves the true grounds of the motion. The guarded statement of Elzaburu, stripped of its argument, inferences, conclusions and qualified assertions, demands no serious consideration. The failure to state any pertinent fact in the affidavit by Dones, save as to the matter in regard to which he is contradicted by the record, is more eloquent than the actual contents of that vague and evasive document; and the persuasive force of such

omission tends to support the conclusions reached by the trial judge rather than the theory of appellant.

The showing so made, in the face of the unequivocal and uncontradicted affidavit of service, is not enough to overcome the presumption first above mentioned.

If, as found by the court below and as we are constrained to hold in the absence of a stronger showing to the contrary, appellant was represented by counsel, the other question, if any, involved in the argument contained in the brief of appellant, even though not wholly without merit, could hardly be regarded as grounds for reversal.

The order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.